IN THE CIRCUIT COURT OF LEFLORE COUNTY, MISSISSIPPI

JELANI BARR     PLAINTIFF

VS.     DOCKET NUMBER 2017-0029-CICI

PERRY L. HINES, former
detective of the Greenwood,
Mississippi Police Department,
in his individual capacity     DEFENDANT

JURY TRIAL DEMANDED

## COMPLAINT

Plaintiff Jelani Barr brings this action against the Defendant Hinds for false arrest, false imprisonment and malicious prosecution under Mississippi common law and for violation of his clearly-established rights, privileges and immunities under the First, Fourth and Fourteenth Amendments of the United States Constitution pursuant to 42 U.S.C. §§ 1983 and 1988 by a state actor.

### I.
### JURISDICTION

1. This Court has jurisdiction pursuant to Miss. Code Ann. § 9-7-81 (1972, as amended) and Article 6, § 156 of the Mississippi Constitution (1890). The claims for damages sought in this case exceed the jurisdictional minimum of Two Hundred Dollars ($200.00).

2. Venue is proper in this court pursuant to Miss. Code. Ann. §11-11-3 (1972, as amended), the cause of action having accrued in LeFlore County.

3. This court has concurrent jurisdiction of Plaintiff's federal claims under 42U.S.C. §1983.

1

EXHIBIT A

FILED
MAY 18 2017
ELMUS STOCKSTILL, CIRCUIT CLERK
BY: Lisa Roberts D.C.

## II.
## PARTIES

4. Plaintiff **Jelani Barr** is an adult resident citizen of Greenwood, LeFlore County, Mississippi.

5. Defendant former **Detective Perry L. Hines** was at all relevant times an officer of the Greenwood Police Department and an adult resident citizen of LeFlore County. He is now a resident of Little Rock, Arkansas. He may be served process by the Mississippi Long Arm Statute procedure.

## III.
## FACTS

6. On May 29, 2016, at approximately 1:00 o'clock p.m. (1300 hours), Plaintiff Jelani Barr was videotaping Greenwood police officers, who were stopping vehicles entering Sam Leach Park in Greenwood, Mississippi. Barr was not interfering with the officers in any way.

7. Defendant Hines, noticing that Barr had his cell phone in hand, approached Barr and asked if he was recording.

8. Defendant Hines then asked Plaintiff Barr what he could do for him.

9. Plaintiff Barr replied with an inquiry about why the park was closed and what were the officers doing.

10. Defendant Hines explained that they were controlling the flow of traffic "for the safety of the public using the park."

11. Defendant Hines then discussed a recent U.S. Supreme Court case, relating to "videoing of police officers within the scope of their duties," suggesting that

2

Barr was not allowed to video the police in the park. Defendant then told Barr he was going to "sign papers on him"

12. Barr became upset and Detective Hines told him to leave the area.

13. Barr began to comply by walking away, but called Hines a "dumb ass" and told him to get his facts straight.

14. Defendant Hines immediately arrested Plaintiff Barr and charged him with public profanity.

15. Defendant Hines handcuffed Plaintiff and transported him to jail, where he was held for several hours until he could make bail. His vehicle was towed.

16. Meanwhile, Defendant made out and filed a formal charge of public profanity and wrote an incident report.

17. An arraignment date was set for June 15, 2016. However, on that date, and without conducting an arraignment, the municipal judge dismissed the public profanity charge without any penalty to Plaintiff Barr.

## IV.
## DAMAGES

18. As a proximate result of Plaintiff's arrest and incarceration, he suffered unreasonable search and seizure, loss of freedom, restraint on his free speech, unnecessary and excessive force, physical and emotional pain and suffering, humiliation, anger, an attorney fee, bail and jail fee, tow charges and inconvenience.

## V.
## STATE LAW CLAIMS

### COUNT 1.

19. **FALSE ARREST:** Defendant is liable to Plaintiff for a warrantless arrest without probable cause.

3

## COUNT 2.

20. **FALSE IMPRISONMENT**: Defendant is liable to Plaintiff for false imprisonment as the result of his wrongful arrest and Defendant's taking him into physical custody and transporting him to jail for the purpose of having him incarcerated. Barr was incarcerated for several hours as a proximate result of Hines' unlawful arrest of him.

## COUNT 3.

21. **MALICIOUS PROSECUTION**: Defendant is liable to Plaintiff for pursuing a formal charge of public profanity against him without withdrawing it, causing Plaintiff to have to appear in court at an arraignment before the judge dismissed the frivolous charge.

## VI.
## FEDERAL CLAIMS
## COUNT 4.

22. **FIRST AMENDMENT**: Plaintiff was arrested and confined in retaliation for his exercise of his clearly established First Amendment right to video police activity so long as he did not interfere in the performance of their official duties and because of his exercise of his right to free speech.

23. **FOURTH AND FOURTEENTH AMENDMENTS**: Plaintiff's arrest, handcuffing and confinement without probable cause amounted to an unreasonable seizure and search and use of unnecessary and reasonable force.

## VII.
## REQUESTED RELIEF

24. Plaintiff requests issuance of a summons to the defendant and that he be

4

required to answer this Complaint within 30 days of service of process upon him. Plaintiff further seeks a jury trial and upon trial an award of compensatory and punitive damages against defendant in a reasonable amount. Plaintiff requests his attorney fees and litigation expenses and his court costs pursuant to state law and 42 U.S.C. §1988.

RESPECTFULLY SUBMITTED

JELANI BARR,

PLAINTIFF

BY: /s/ Ronald Lewis

RONALD W. LEWIS
MISS. BAR NO. 1242
404 GALLERIA LN., STE. 5
P.O. Box 2729
OXFORD, MS 38655
(662) 234-0766
FAX: (866) 591-4512
ron@ronlewislaw.com

OF COUNSEL:
TOM CALHOUN
MISS. BAR. NO. 4964
LAW OFFICE TOM P. CALHOUN, III, INC.
103 FULTON STREET
GREENWOOD, MS 38930
PHONE: (662) 455-1767
FAX:    (662) 488-1767
E-MAIL: tcalhoun@calhounlawpllc.com

FILED

MAY 18 2017

ELMUS STOCKSTILL, CIRCUIT CLERK
BY: Lisa Roberts    D.C.